# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 11, 2018

```
* * * * * * * * * * * * *
ALEXANDER M. BEITING,         *
                              *
        Petitioner,           *      No. 17-726V
                              *      Special Master Sanders
v.                            *
                              *      Attorneys' Fees and Costs
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
        Respondent.           *
* * * * * * * * * * * * *
```

Glen Howard Sturtevant, Jr., Rawls Law Group, Richmond, VA, for Petitioner.
Ann Donohue Martin, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On December 9, 2015, Alexander Beiting ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza vaccine he received on October 23, 2015 caused him to suffer from acute disseminated encephalomyelitis ("ADEM"). *See* Stip. At 1, ECF No. 30. Petitioner further alleged that he experienced residual effects of his injury for more than six months. *Id.*

On July 27, 2018, Respondent filed a Stipulation for award of compensation, which the undersigned adopted as the Decision Awarding Damages on the same day (ECF No. 31). On August 9, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 35 ("Fees App."). Petitioner requested total attorneys' fees and costs in the amount of $21,227.83. Fees App

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

at 4. Pursuant to General Order No. 9, Petitioner has indicated that he has personally incurred costs totaling $500.00. Respondent reacted to the motion on August 23, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 36). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.   **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' " *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

a.   **Hourly Rates**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

Petitioner requests different hourly rates for work performed by his attorney, Mr. Glen Sturtevant, Jr., as well as four different paralegals working at Rawls Law Group. Attorneys and paralegals at Rawls Law Group have consistently been found to be entitled to in-forum rates. *See Flood v. Sec'y of Health & Human Servs.*, No. 16-1564V, 2018 WL 1834688 (Fed. Cl. Spec. Mstr. Jan. 19, 2018); *Jones v. Sec'y of Health & Human Servs.*, No. 11-433V, 2017 WL 3976325 (Fed. Cl. Spec. Mstr. Aug. 17, 2017).

For work performed by his attorney, Mr. Glen Sturtevant, Jr., Petitioner requests $305 per hour for work performed in 2016, $315 per hour for work performed in 2017, and $331 per hour for work performed in 2018. Fees App. Ex. 1 at 8-19. Mr. Sturtevant has been an attorney since 2006, but is relatively new to practicing in the Vaccine Program, having started representing petitioners in 2016. Fees App. Ex. 5 at 2-3. Prior to that, Mr. Sturtevant maintains that his practice focused on complex civil litigation emphasizing on health care litigation and medical malpractice, primarily focused on representing veterans and their families. *Id.*

The undersigned finds the requested rates reasonable with one exception – Mr. Sturtevant's 2018 rate must be slightly reduced. Petitioner acknowledges that *McCulloch* contemplates an average yearly inflation rate of 3.7%, and also acknowledges that the PPI-OL measure of inflation at 2.333% has been found to be another valid method of calculating new rates. Fees App. at 3. However, even computing Mr. Sturtevant's 2018 rate starting from his established 2017 rate of $315 per hour, and using the more generous inflation rate of 3.7%, yields a 2018 rate of $326 per hour (after rounding). The undersigned finds that $326 per hour is a more appropriate rate for Mr. Sturtevant, placing him squarely within the prescribed range for attorneys with 11-19 years of experience in practice while still accounting for his relative inexperience in the Vaccine Program. The billing records reflect that Mr. Sturtevant billed 12.40 hours on this matter in 2018. Applying his new rate to these hours results in a reduction of $62.00.

For all paralegals, Petitioner requests the following rates: $140 per hour for work performed in 2016, $145 per hour for work performed in 2017, and $152 per hour for work performed in 2018. Fees App. at 3. These rates are all within the prescribed range for in-forum paralegals. Therefore, the undersigned finds that all of the requested paralegal rates are reasonable.

### b. Hours Expended

Petitioner requests compensation for 112.55 hours billed by Mr. Sturtevant and the Rawls Law Group paralegals. However, the undersigned has reviewed the billing records and found that there are several entries billed by the paralegals which, in the undersigned's view, are more accurately described as administrative work, and several more entries which are not only vague as to the nature of work performed, but appear to be unnecessary.

---

The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

3

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).

Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (holding that tasks that are "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included with the attorneys' fees rates"). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices. *See Mostovoy v. Sec'y of HHS*, No. 02-10V, 2016 U.S. Claims LEXIS 113, at *12 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Vaccine Program decisions have also held that filing is a clerical task. *Hoskins v. Sec'y of HHS*, No. 15-071V, 2017 U.S. Claims LEXIS 934, at *6-7 (Fed. Cl. Spec. Mstr. July 12, 2017) ("Almost all of the paralegal's time was spent on scanning, paginating, and filing records—clerical activities for which neither an attorney nor a paralegal should charge."); *Floyd v. Sec'y of HHS*, No. 13-556V, 2017 U.S. Claims LEXIS 300, at *13-14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome of the tasks performed by paralegals were clerical/secretarial in nature. Examples include ... filing documents through the CM/ECF system.").

The submitted records contain numerous entries listed as "Attention to" followed by the name of some form of incoming document or correspondence. It is unclear what precisely is being done by a paralegal when they give their attention to some sort of incoming document, particularly when the vast majority of these entries are followed by another entry indicating that some sort of update was made to the case records corresponding to receipt of the document.[4] Additionally, paralegals billed multiple times for filing documents on CM/ECF, a task clearly administrative in nature. Fees App. Ex 1 at 11-12. In total, there are 32 entries listed as "Attention to" in 2016 for a total of 3.5 hours billed, and 18 entries listed as "Attention to" or for filing documents in 2017 for a total of 2.4 hours. The 3.5 hours in 2016 were billed at $140 per hour and the 2.4 hours in 2017 were billed at $145 per hour. Because these hours were not properly billed, this results in a total reduction of $838.00.

    c.  **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $782.63 in attorneys' costs. These costs are associated with medical record retrieval, a filing fee,

---

[4] For example, an entry on July 27, 2016, shows 0.1 hour billed for "Attention to incoming medical records from Nebraska Methodist Hospital" while the following entry shows 0.1 hour billed for "update medical records tracking chart." Fees App. Ex. 1 at 4. Assuming it is the job of the paralegal to keep case charts updated as to when records are received, it is unclear what task was being performed by paying attention to an incoming record beyond merely acknowledging its arrival when further work updating the case chart was billed in a separate entry.

4

and postage. Petitioner has provided adequate documentation and proof of these costs, and the undersigned finds the majority of the requested costs to be reasonable, with one exception.

The undersigned finds that the requested cost of $258.85 for "Advocate Capital Interest on costs advanced" to be unreasonable. Fees App. Ex. 1 at 18. It appears that, in order to finance costs associated with this case, the Rawls Law Group took out an advance loan from AdvoTrac, which markets itself as a "case expense funding service." Fees App. Ex 2 at 15-16. As a result of taking out this loan from AdvoTrac, the Rawls Law Group incurred total finance charges in the amount of $258.85, which Petitioner now seeks reimbursement for. However, these charges, which are essentially interest on a loan taken out by Rawls Law Group, cannot be reimbursed by the Court.

Indeed, the Court has previously held that interest charges are not compensable in Vaccine Program litigation. In *Jeffries v. Sec'y of Health & Human Servs.*, petitioner sought attorneys' costs for a finance charge levied on a total outstanding bill incurred by the petitioner. *Jeffries v. Sec'y of Health & Human Servs.*, No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006). Respondent objected to this costs, arguing that the finance charge was the equivalent of interest and that, in the absence of a waiver of sovereign immunity, "interest cannot be assessed against the United States." *Id.* (citing *Library of Congress v. Shaw*, 478 U.S. 310, 317 (1986)). The presiding Special Master agreed with Respondent and ultimately disallowed compensation for the financial charge.

The instant case presents a similar situation to *Jeffries*. The Rawls Law Group has apparently decided that the best way to finance its work within the Vaccine Program is to take out a loan in order to finance the attendant costs of litigation, such as obtaining medical records and, when necessary, obtaining an expert. The Rawls Law Group is certainly free to conduct their business as they see fit, but the undersigned notes that a foreseeable cost of taking out a loan is the accrual of interest. This interest expense is not compensable by the Vaccine Program. Accordingly, this results in a reduction of $258.85. Petitioner is therefore awarded attorneys' costs in the amount of $523.78.

### d. Petitioner's Costs

Petitioners are also entitled to reimbursement for their litigation-related costs. *See Cunningham v. Sec'y of HHS*, No. 13-483V, 2017 U.S. Claims LEXIS 1209, at *12 (Fed. Cl. Spec. Mstr. Sept. 1, 2017). Like attorneys' fees and costs, Petitioner's costs must be reasonable and supported by documentation. Petitioner has provided documentation of $500.00 paid to his attorney at the onset of this case. The undersigned finds this cost reasonable and shall reimburse Petitioner in full.

## II. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $20,445.20 |
| (Total Reduction from Rate Adjustment) | - $62.00 |
| (Total Reduction from Billing Hours) | - $838.00 |
| **Total Attorneys' Fees Awarded** | **$19,545.20** |
| | |
| Attorneys' Costs Requested | $782.63 |
| (Reduction of Costs) | - $258.85 |
| **Total Attorneys' Costs Awarded** | **$523.78** |
| | |
| **Total Amount of Attorneys' Fees and Costs** | **$20,068.98** |
| | |
| **Total Petitioner's Costs** | **$500.00** |
| | |
| **Total Amount Awarded** | **$20,568.98** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $20,068.98 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Glen Sturtevant, Jr., of Rawls Law Group, for attorneys' fees and costs, and a total of $500.00 to be issued in the form of a check payable to Petitioner**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).